UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CREHORE,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

_____/

Civil Case No. 99-CV-74332
Crim. Case No. 94-CR-80095

HONORABLE AVERN COHN

## ORDER DENYING MOTION UNDER FED. R. CIV. P. 60(b)

### I.

This is a criminal case.  Petitioner Charles Crehore (Petitioner) is a federal prisoner serving a 20-year sentence following a jury conviction for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846.

Before the Court is Petitioner's motion under Fed. R. Civ. P. 60(b) in which he requests that the Court vacate its order denying his motion under 28 U.S.C. § 2255 on the grounds that there has been a fraud upon the Court.  For the reasons that follow, the motion is DENIED.

### II.  Background[1]

The background facts leading to Petitioner's conviction are summarized in the Court of Appeals for the Sixth Circuit's decision affirming Petitioner's conviction and

---

[1]This background is taken from the Court's order denying Petitioner's § 2255 motion, filed January 28, 2003.

sentence on direct appeal, and will not be repeated here.  See United States v. Gaitan-Acevedo, 148 F.3d 577, 583-86 (6th Cir. 1998).

B.

Petitioner raised several issues on direct appeal, including a claim that the district court's quantity determinations were erroneous.  The Sixth Circuit rejected Petitioner's claims and affirmed his conviction and sentence.  United States v. Gaitan-Acevedo, 148 F.3d 577 (6th Cir. 1998).  The panel denied rehearing.  United States v. Crehore, No. 95-1764 (6th Cir. June 26, 1998)(unpublished).  The United States Supreme Court denied certiorari, Crehore v. United States, 525 U.S. 912 (1998) and rehearing, Crehore v. United States, 525 U.S. 998 (1998).

Petitioner then filed a motion under § 2255 claiming that: (1) trial counsel provided ineffective assistance; (2) the trial court erred in ruling on Petitioner's motion to suppress, (3) the prosecutors engaged in misconduct, (4) sentencing/appellate counsel provided ineffective assistance, and (5) the trial court erred in attributing over 1000 kilograms of marijuana to him for sentencing purposes.

The matter was referred to a magistrate judge for a report and recommendation (MJRR).  Petitioner then moved to amend his motion to raise a claim that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), which was granted.

The magistrate judge carefully considered all of petitioner's claims on the merits and recommended that petitioner's motion be denied to the extent that he sought to have his conviction vacated but granted with respect to reconsideration of his sentence. The magistrate judge found "serious cause to believe that petitioner was sentenced unfairly" due to the disparity of the sentence received by Petitioner and his co-

2

defendants and therefore concluded that Petitioner may have received ineffective

assistance of counsel at sentencing and/or on appeal because counsel did not

vigorously attack the quantity of marijuana attributed to him at sentencing.  See MJRR

dated January 16, 2001 at p. 34.  The magistrate judge therefore recommended that

counsel be appointed to assist Petitioner with developing this claim.  Petitioner's

counsel[2] and petitioner separately filed objections.

The Court agreed with the magistrate judge's analysis and conclusion regarding

Petitioner's claims pertaining to his conviction and denied Petitioner's motion to the

extent that he sought to have his conviction vacated.  The Court, however, found that

Apprendi applied to Petitioner's case,[3] that the claim warranted a closer review, and

remanded the case to the magistrate judge for a supplemental report and

recommendation with respect to Petitioner's sentence in light of Apprendi.  See Order

filed August 13, 2001.  The Court did not specifically address the recommendation that

Petitioner's sentence be reconsidered in the context of an ineffective assistance of

counsel claim.

Thereafter, the magistrate judge issued a Supplemental MJRR recommending

that Petitioner's Apprendi claim be denied because although at the time the Court found

that Apprendi applied to Petitioner, the Sixth Circuit had not yet ruled on whether

---

[2]Petitioner apparently later terminated his relationship with counsel and was then proceeding pro se.

[3]In ruling that Apprendi applied to Petitioner, the Court followed the decision from another judge in this district holding that Apprendi applies retroactively to initial § 2255 motions.  See Order filed August 13, 2001 at p. 5 (citing Jackson v. United States, 129 F. Supp. 2d 1053 (E.D. Mich. 2000)).

Apprendi applied retroactively to initial § 2255 motions.  However, the Court of Appeals

subsequently ruled that it does not.  Goode v. United States, 305 F.3d 378 (6th Cir.

2002).  Thus, the magistrate judge recommended that Petitioner's claim be denied

based on Goode.  Alternatively, the magistrate judge found that even if Apprendi

applied, Petitioner is still not entitled to relief because Petitioner was not prejudiced for

the failure to submit the issue of drug quantity to the jury, based on the evidence of drug

quantity adduced during the trial which was more than sufficient to subject Petitioner to

a 20-year sentence.

        The magistrate judge, however, again found that Petitioner "may be entitled to re-

sentencing on a claim of ineffective assistance of trial and/or appellate counsel."  See

Supplemental MJRR at p. 6.  The magistrate judge recommended that "petitioner's

claim for re-sentencing based upon the ineffective assistance of trial and/or appellate

counsel be considered" by the Court.  See Supplemental MJRR at p. 7-8.

        The Court agreed with the magistrate judge and appointed counsel with

Petitioner's consent to further develop this claim.  See Order Adopting Supplemental

Report and Recommendation and Directing Appointment of Counsel, filed July 15,

2002.  The parties then filed supplemental briefs and a hearing was held on January 9,

2003.

        The Court ultimately denied the motion, finding that Petitioner's counsel was not

ineffective at sentencing and on appeal regarding challenging the quantity of marijuana

attributable to him, and the June 1994 load in particular.  As will be explained below,

there was an error in the government's brief on direct appeal as to the evidence tying

Petitioner to the June 1994 load.  The government asserted that there was evidence of

4

telephone calls between Free and Crehore.  This was incorrect.  However, the Sixth

Circuit used this statement in affirming Petitioner's conviction on direct appeal as

evidence supporting attributing the June 1994 load to Petitioner.  Despite this error in

the opinion, the Court found that Petitioner was not entitled to relief under § 2255

because the panel was subsequently made aware of the error and there was additional

evidence linking Petitioner to the conspiracy after his arrest.  The Court, however,

granted Petitioner a certificate of appealability.  <u>See</u> Memorandum and Order Denying

Motion under 28 U.S.C. § 2255 and Granting A Certificate of Appealability, filed January

28, 2003.

The Court of Appeals for the Sixth Circuit affirmed.  <u>Crehore v. United States</u>, No.

03-1548 *(6th Cir. Apr. 4, 2005) (unpublished) (per curiam).  The Sixth Circuit also

commented on the error regarding the June 1994 load, stating in a footnote:

> We are troubled that the government's erroneous characterization
> of Crehore's post-arrest contact with Free was not explained to the panel
> that decided his direct appeal.  This panel is not at liberty to revisit that
> decision, but we feel compelled to point out that "every attorney has a duty
> to be completely honest in conducting litigation. . . . [W]hen he departs
> from that standard[,] . . he perpetrates a fraud upon a court.  <u>Demjanjuk v.</u>
> <u>Petrovsky</u>, 10 F.3d 338, 352 (6th Cir. 1994) (quoting in part 7 Moore's
> Federal Practice ¶ 60.33).  The government's "clarification letter" of March
> 27, 1998 is notably artful in the way it is phrased.  However, it is not for us
> to judge whether the opaque language prevented "the judicial machinery
> ... [from] perform[ing] in the usual manner its impartial task of adjudging
> cases."  <u>Harbold v. Commissioner</u>, 51 F.3d 618, 622 (6th cir. 1995).  **If that**
> **were the case, the a fraud would have been perpetrated on this court,**
> **and a conceivable remedy would be to petition the original panel to**
> **recall the mandate in the direct appeal**.  <u>Hazel-Atlas Glass Co. v.</u>
> <u>Hartford-Empire Co.</u>, 322 U.S. 238, 249-50 (1944); 6 Cir. I.O.P. 4.
>     In any event, we cannot conclude that a complete miscarriage of justice
> has occurred in this matter as a result of our unfortunate reliance upon the
> government's argument that Crehore made numerous post-arrest telephone calls
> to co-conspirator Free.  Clearly, the government's initial representation in this

regard was untruthful, or at least unsupported by the appellate record. In its March 27, letter, however, the government did direct the court to specific testimony and evidence adduced at trial to corroborate the assertion that Crehore maintained contact, directly or indirectly, with *other* co-conspirators, even after the petitioner's arrest. That evidence could support the trial court's conclusion that Crehore should also be accountable for the drugs involved in the June 1994 load.

Crehore v. United States, No. 03-1538 at n.4 p.12-13 (emphasis added).

Following up on the statement by the Sixth Circuit, on October 25, 2005,

Petitioner filed a motion before the original panel on direct appeal to recall the mandate

or reinstate the appeal on the grounds that the government's error was a fraud upon the

Court. On November 23, 2005, the original panel denied the motion to recall the

mandate and to reinstate the appeal. Petitioner filed a motion for reconsideration which

was denied on January 6, 2006.

Thereafter, on May 15, 2006, Petitioner filed the instant motion under Fed. R.

Civ. P. 60(b) again asserting that the government's error constitutes a fraud upon the

Court and as a result, Petitioner was entitled to relief from his sentence under § 2255.

III.

Fed. R. Civ. P. 60(b) provides in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

IV.

Petitioner is attacking the integrity of his § 2255 proceedings on the grounds that the government's error regarding the evidence linking Petitioner to the June 1994 load constitutes a fraud upon the Court, and absent that error, Petitioner would have been entitled to relief under § 2255.[4]  The government says that this issue has already been decided against Petitioner.  The Court agrees.

First of all, the Court was well aware of the erroneous statement in the government's brief on appeal at the time it denied Petitioner's § 2255 motion.  In the order denying the motion, the Court noted that the Sixth Circuit relied on the government's statement in upholding the attribution of the June 1994 load to Petitioner, but also noted that the district court, in sentencing Petitioner, did not rely on such evidence.  Moreover, the panel was made aware of the error in the government's supplemental letter (referenced in the Sixth Circuit's decision affirming the denial of § 2255 relief) following oral argument setting forth the evidence connecting Petitioner to the conspiracy after his arrest in which the government pointed to the following evidence linking Petitioner to the conspiracy after his arrest: (1) a phone call to Miguel (a fugitive co-conspirator) in Mexico from a phone subscribed in Petitioner's mother's name, (2) a phone call to Free's attorney, and (3) that Petitioner received money from Free's "people" delivered to him by a Yvette Duran, and (4) that Petitioner met Duran at

---

[4]Petitioner also says that there is "other false information" allegedly put forth by the government at trial on appeal in order to "further their claims."  The Court declines to address such allegations inasmuch as Petitioner concedes that they do not warrant Rule 60(b) relief, but are offered only "for reference."

a bar and gave her police records of the arrests in Detroit.  This is the same evidence

the government relied upon at the sentencing hearing to support attributing the June

1994 load to Petitioner.  Petitioner's counsel also raised the issue of the erroneous

statement in the petition for rehearing which was denied.  Moreover, and most

significantly, the original panel recently declined to recall the mandate or reinstate the

direct appeal based on the same argument Petitioner makes here.  In so doing, the

original panel found no fraud warranting relief based on the government's statement.

Finally, the erroneous statement by the government did not effect the district court's

sentencing determination as the error had nothing to do with the sentencing Judge's

original decision to find the defendant responsible for 1,000 kilograms of marijuana

which included the June 1994 load.  Putting aside the error, there was other evidence

on which to attribute the June 1994 load to Petitioner and it was this evidence upon

which the district court relied.  Petitioner has simply failed to establish that the

government's error in its appeal brief constituted a fraud upon this Court, on habeas

review, such that reconsideration of the denial of § 2255 relief is in order.

        SO ORDERED.


Dated:  August 7, 2006                     s/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of
record on this date, August 7, 2006, by electronic and/or ordinary mail.


                                           s/Julie Owens
                                           Case Manager, (313) 234-5160